IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDY L. BRYANT and
ANN W.E. BRYANT,

      Plaintiffs,

v.    No. 2:24-cv-0364-DLM

KIMBERLY WILDER,
DAVID WILDER, and
MATTHEW CHANDLER,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE TO THE EASTERN DISTRICT OF KENTUCKY

Plaintiffs Randy Bryant and his wife, Ann Bryant, who are proceeding *pro se* and reside in New Mexico, assert claims for conversion and defamation against Defendants, all of whom reside in Shelby County, Kentucky. (*See* Doc. 1 at 2–3.) Plaintiffs allege that Defendant Kimberly Wilder and her husband Defendant David Wilder converted real and personal property belonging to Plaintiffs, including a house in Shelbyville, Kentucky, together with furnishings, clothes, tools, seven automobiles, and funds in an account at a bank in Shelbyville, Kentucky. (*See id.* at 10–11.) Plaintiffs also allege that Defendant Kimberly Wilder, who was represented in Shelby County Circuit Court by Defendant Matthew Chandler, successfully petitioned to have Randy Bryant's deed to his house in Shelbyville, Kentucky "nullified and set aside." (*Id.* at 11.) Randy Bryant was later arrested by the Shelby County Sheriff's Department and charged with "burglary (felony) and trespass" after he tried to enter the house. (*Id.* at 12.) Defendant Kimberly Wilder allegedly "instigated his arrest" by calling the Sheriff's Department and falsely stating that Plaintiff Randy Bryant "had no legal right to be on the property." (*Id.* at 14.)

The statute governing venue in general states:

**Venue in general.**—A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

The Court concludes that the District of New Mexico is not a proper venue for this case because Defendants do not reside in the District of New Mexico and there are no allegations that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court transfers this case to the Eastern District of Kentucky because Defendants reside in the Eastern District of Kentucky and the events or omissions giving rise to this case occurred in the Eastern District of Kentucky.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Eastern District of Kentucky.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE